**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN KYLES, | : | Civil Action No. 03-0282 (SRC) |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| TERRANCE MOORE, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

**APPEARANCES:**

> JOHN KYLES, #140913A
> East Jersey State Prison
> Lock Bag R
> Rahway, New Jersey  07065
> Petitioner Pro Se

> MARK P. STALFORD, Assistant Prosecutor
> MONMOUTH COUNTY PROSECUTOR
> Court House
> Freehold, New Jersey  07728-1789
> Attorneys for Respondents

**CHESLER**, District Judge

John Kyles filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction in the Superior Court of New Jersey, Monmouth County, on April 4, 1996.  Respondents filed an Answer seeking dismissal of the Petition on several grounds, including statute of limitations, 28 U.S.C. § 2244(d).  For the reasons expressed below, the Court dismisses the Petition as untimely and denies a certificate of appealability.

## I.  BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Monmouth County, on April 4, 1996, after a jury found him guilty of third-degree aggravated assault with a deadly weapon, second-degree aggravated assault, first-degree attempted murder, third-degree possession of a weapon for an unlawful purpose, fourth-degree unlawful possession of a weapon, and fourth-degree possession of a weapon by a person prohibited from having a weapon.  The Law Division granted the state's motion for an extended term and sentenced Petitioner to a 50-year base term with a 17-year period of parole ineligibility on the attempted murder conviction, and concurrent terms of five years and 18 months on the possession of a weapon for an unlawful purpose and the possession of a weapon by a person prohibited from having a weapon charges.  The court merged the remaining convictions.

On June 30, 1997, the Appellate Division affirmed the sentence, but directed the trial court to merge  the conviction for possession of a weapon for an unlawful purpose with the attempted murder conviction.  An amended judgment of conviction was entered on July 3, 1997. The New Jersey Supreme Court denied Petitioner's petition for certification on October 7, 1997. New Jersey v. Kyles, 152 N.J. 8 (1997) (table).  Petitioner did not file a petition for certiorari in the United States Supreme Court.

On August 15, 1999, Petitioner filed a state petition for post-conviction relief in the Law Division.  On January 31, 2000, the Law Division of the Superior Court of New Jersey denied relief.  The Superior Court, Appellate Division, affirmed the order denying post-conviction relief in an opinion filed November 5, 2001.  The Supreme Court of New Jersey denied certification on February 14, 2002.

2

On January 13, 2003, Petitioner executed the § 2254 Petition which is now before this Court.  The Clerk received it on January 21, 2003, with an application to proceed in forma pauperis.  The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  The Petition asserts four grounds, none of which raises a right newly recognized by the United States Supreme Court.  Respondents filed an Answer, with relevant portions of the state court record, arguing that the Petition should be dismissed as time-barred and on the merits.

## II.  DISCUSSION

### A.  Statute of Limitations

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence . . . .

28 U.S.C. § 2244(d)(1).

In this case, the applicable limitations provision is § 2244(d)(1)(A).  The Supreme Court of New Jersey denied Petitioner's petition for certification on direct review by order filed October 7, 1997.  The statute of limitations therefore began to run on January 5, 1998, the date on which the judgment became final by the expiration of the time for filing a petition for certiorari in the United States Supreme Court.  See Long v. Wilson, 393 F.3d 390 394 (3d Cir. 2004) (judgment becomes final after time for seeking discretionary review expires when discretionary review is not sought); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (if defendant does not file certiorari petition in United States Supreme Court, judgment of conviction becomes final when time for seeking certiorari review expires); 28 U.S.C. § 2244(d)(1)(A).  Absent statutory or equitable tolling, the limitations period would have expired one year later on January 5, 1999.  See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

The statute of limitations under § 2244(d) is subject to two tolling exceptions:  statutory tolling and equitable tolling.  Merritt, 326 F.3d at 161; Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).  Section 2244(d)(2) requires statutory tolling under certain circumstances:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  Because Petitioner did not file his first state petition for post conviction relief until August 15,

1999, after the limitations period had expired, the limitations period was not statutorily tolled.
See Long, 393 F.3d at 394-95 (state post conviction review petition had no effect on tolling because the limitations period had already run when it was filed).

The AEDPA statute of limitations is also subject to equitable tolling.  Miller, 145 F.3d at 618.  The one-year limitations period is subject to equitable tolling "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice."
Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  Equitable tolling is appropriate

> only when the principle of equity would make the rigid application
> of a limitation period unfair.  Generally, this will occur when the
> petitioner has in some extraordinary way been prevented from
> asserting his or her rights.  The petitioner must show that he or she
> exercised reasonable diligence in investigating and bringing [the]
> claims.  Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (internal citations and alterations omitted); see also Merritt, 326 F.3d at 168.

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon,

5

322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Petitioner has not argued that the limitations period should be equitably tolled.  The Court has reviewed the submissions of the parties and discerns no extraordinary circumstances warranting equitable tolling.  Because Petitioner's direct appeal became final on January 5, 1998, Petitioner had one year or until January 5, 1999, to file his § 2254 Petition.  Because Petitioner did not file a state petition for collateral review at any time between January 5, 1998, and January 5, 1999, the limitations period was not statutorily tolled and it expired on January 5, 1999.  Petitioner did not execute the § 2254 Petition until January 13, 2003.  Because there are no extraordinary circumstances warranting equitable tolling, the Court holds that the instant § 2254 Petition is barred by the one-year statute of limitations.  Accordingly, the Court dismisses the Petition with prejudice as untimely.  28 U.S.C. § 2244(d)(1).

B.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

6

The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

## III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus with prejudice as untimely and denies a certificate of appealability.


_____s/_____
STANLEY R. CHESLER, U.S.D.J.


DATED:    10/12/05

7